IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:21-mj-50 |
| | ) |
| ROBIN N'NAMDI AJANI, | ) |
| | ) |
| Defendant. | ) |

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, James R. Sobchack, Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office, being duly sworn, depose and state the following:

Purpose of the Affidavit

1. This affidavit is submitted in support of a criminal complaint and summons charging that on or about September 26, 2020, at Ronald Reagans National Airport (DCA), in Arlington County, Virginia, within the Eastern District of Virginia, ROBIN N'NAMDI AJANI did falsely assume and pretend to be an officer and employee acting under the authority of the United States, and acted as such, in violation of Title 18, United States Code, Section 912.

2. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during the course of this investigation, as well as the observations of other officers and agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause but is not intended to include each and every fact and matter observed by me or known to the United States.

1

Affiant's Background and Experience

3. I have been a Special Agent with the FBI since 1997. During my career, I have worked a variety of investigative matters to include criminal and counterterrorism violations. I am assigned to investigate matters related to civil aviation and airport security at DCA, which is located in Arlington County, Virginia, within the Eastern District of Virginia. As an FBI Special Agent, I am empowered by law to conduct investigations, make arrests and execute and serve search and arrest warrants for offenses enumerated in Title 18 of the United States Criminal Code, including offenses in violation of Title 18, United States Code, Section 912.

Facts to Support Probable Cause

4. On or about September 26, 2020, AJANI approached the exit lane at the center pier of DCA. AJANI displayed counterfeit FBI credentials to the Transportation Security Officer (TSO) working the Known Crew Member desk, located in the exit lane of the center pier. The TSO directed AJANI to the second TSO desk where law enforcement credentials are verified. AJANI presented credentials for an FBI Special Agent. The TSO at this desk recognized the credentials were not genuine and denied AJANI entry to the sterile area. AJANI left the exit lane but remained nearby, just outside the entrance of the exit lane. The TSO contacted Metropolitan Washington Airports Authority (MWAA) Police regarding the counterfeit credentials.

5. An MWAA Police Officer responded and asked AJANI if he needed assistance at the checkpoint. AJANI told the officer that he needed to get a face mask to his wife who was preparing to board an aircraft. The Officer asked AJANI if he had credentials with him. AJANI replied yes and gave the officer a black billfold with the FBI emblem. The officer noticed AJANI appeared to have a shield attached to his waist similar to the manner in which law enforcement officers wear their badges. The officer immediately noticed the credentials appeared different in

2

texture, color, size, and shape to those of the official credentials of the FBI. AJANI was not able to provide a verification phone number to confirm his FBI employment. When asked where he had acquired the credentials, AJANI answered that he had obtained it from the Internet.

6. MWAA Police obtained consent to search the vehicle AJANI drove to the airport. The search yielded an additional counterfeit FBI credential (featuring a photo of AJANI) and a counterfeit gold FBI badge from "Internal Affairs Division." The badge was in a leather holder that had a chain. (It is common for FBI Special Agents to wear their badge around the neck during certain operations.) Within the car, officers also found a baton and holder, a black baseball hat displaying the letters "FCI," a blue fleece with "Department of Justice, Washington Field Office" on it, and a can of a chemical irritant oleoresin capsicum (commonly known as OC spray). (OC spray is issued to FBI Agents.) Officers also found a 9mm firearm, properly registered to AJANI, during the vehicle search.

## Conclusion

7. Based on my experience and the given the aforementioned facts, I submit that there is probable cause to believe that on or about September 26, 2020, at Ronald Regan National Airport (DCA), in Arlington County, Virginia, within the Eastern District of Virginia, ROBIN N'NAMDI AJANI did falsely assume and pretend to be an officer and employee acting under the authority of the United States, and acted as such, in violation of Title 18, United States Code, Section 912.

_____
Special Agent James R. Sobchack
Federal Bureau of Investigation

Respectfully submitted and attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on February 18, 2021.

_____
Hon. Ivan D. Davis
United States Magistrate Judge

Alexandria, Virginia